**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| SENIOR HEALTH INSURANCE COMPANY OF PENNSYLVANIA, in rehabilitation under the supervision of MICHAEL HUMPHREYS, Acting Insurance Commissioner of the Commonwealth of Pennsylvania,<br><br>Plaintiff,<br><br>v.<br><br>XL SPECIALTY INSURANCE COMPANY; U.S. SPECIALTY INSURANCE COMPANY,<br><br>Defendants. | **Case No. 1:22-cv-01866-RLY-MG** |

**PARTIES' JOINT MOTION FOR CONTINUANCE OF SUMMARY JUDGMENT RULING PENDING SETTLEMENT**

Plaintiff Senior Health Insurance Company of Pennsylvania, in rehabilitation under the supervision of Michael Humphreys, Acting Insurance Commissioner of the Commonwealth of Pennsylvania ("SHIP"), Defendant XL Specialty Insurance Company ("XL Specialty"), and Defendant U.S. Specialty Insurance Company ("U.S. Specialty") (collectively, the "Parties" and each a "Party"), pursuant to Federal Rule of Civil Procedure 6(b) and Rule 16-3 of the Local Rules for the U.S. District Court for the Southern District of Indiana, hereby jointly move for and agree to the entry of an Order continuing this case and holding this Court's ruling on the Parties' motions for summary judgment in abeyance pending finalization of a formal settlement agreement in the underlying Humphreys Litigation, which is expected to resolve the coverage dispute pending in the present action between Plaintiff and Defendants and allow the Parties to

file a stipulation of dismissal of this action with prejudice. For the reasons set forth below, the Parties agree that good cause exists for this request.

1. On September 26, 2022 SHIP filed its First Amended Complaint (ECF No. 22), asserting two counts: (1) for declaratory judgment that the "2019 XL Policy" and the "2019 US Excess Policy" (both as defined in the First Amended Complaint) (collectively, the "2019 Policies") provide coverage for the underlying "Humphreys Litigation" (also defined in the Amended Complaint); and (2) for breach of contract regarding XL Specialty's denial of coverage under the 2019 XL Policy for the Humphreys Litigation.

2. On June 13, 2024, SHIP filed its Motion for Partial Summary Judgment (ECF No. 80), requesting that the Court enter partial judgment in its favor on both counts in the First Amended Complaint. SHIP moved for summary judgment regarding its alleged damages, which consist of alleged defense costs and expenses paid by SHIP on behalf of Brian Wegner in the Humphreys Litigation and the improper erosion of the limits of the 2015 Excess Policy (as defined in the Amended Complaint) due to payment of defense costs for other defendants in the Humphreys Litigation. SHIP did not seek any relief regarding the extent to which the 2019 Policies provide indemnification for any future settlement of or future judgment entered in the Humphreys Litigation.

3. On July 22, 2024, XL Specialty and U.S. Specialty filed their Cross Motion for Summary Judgment (ECF No. 86) (collectively with SHIP's Motion for Partial Summary Judgment, the "Motions for Summary Judgment"), requesting that the Court enter judgment in Defendants' favor on both counts of the First Amended Complaint.

4. The Parties completed briefing on the Motions for Summary Judgment on August 30, 2024. (*See* ECF No. 93).

5. On January 23, 2025, the parties in the Humphreys Litigation participated in a mediation and reached a settlement in principle that, if formally executed, is expected to resolve the coverage dispute pending in the present action between Plaintiff and Defendants and allow the Parties to file a stipulation of dismissal of this action with prejudice. The issuance of a ruling on the pending Motions for Summary Judgment thus would be unnecessary, and further could be disruptive to efforts to finalize the formal settlement agreement resolving the Humphreys Litigation. The Parties accordingly agree that it is in the best interests of the Parties and judicial economy in both the Humphreys Litigation and the present action for any ruling on the Motions for Summary Judgment to be held in abeyance, and this case continued pending finalization of the Humphreys Litigation formal settlement agreement.

6. The Parties further anticipate dismissing this Coverage Litigation with prejudice upon full execution of the formal settlement agreement by the parties in the Humphreys Litigation and related claims releases.

7. Apart from this Court's ruling on the Motions for Summary Judgment, there are no hearings, deadlines, or other matters currently scheduled or pending in this Coverage Litigation.

8. For the reasons set forth above, the Parties submit that there is good cause to hold this Court's ruling on the Motions for Summary Judgment in abeyance.

9. In the event that the Court grants this joint motion, the Parties request ninety (90) days from the date of the Court's Order to file a stipulation of dismissal with prejudice or alternatively a joint report regarding the status of the settlement agreement in the Humphreys Litigation.

WHEREFORE, the Parties respectfully move this Court to enter an Order, pursuant to Federal Rule of Civil Procedure 6(b) and Rule 16-3 of the Local Rules for the U.S. District Court for the Southern District of Indiana, continuing this Coverage Litigation, holding the Court's ruling on the Motions for Summary Judgment pending execution of the settlement agreement in the underlying Humphreys Litigation, and allowing the parties ninety (90) days from the date of such Order to file stipulation of dismissal with prejudice or alternatively a joint report regarding the status of the settlement agreement in the Humphreys Litigation.

Dated: February 3, 2025

Respectfully submitted,

/s/ Michael A. Kozik
Joseph L. Pellis II (*pro hac vice*)
Michael A. Kozik (*pro hac vice*)
PELLIS LAW GROUP, LLP
901 Warrenville Road, Suite 205
Lisle, IL 60532
jpellis@pellislaw.com
mkozik@pellislaw.com

Gregory M. Gotwald
Christopher Edward Kozak
PLEWS SHADLEY RACHER & BRAUN LLP
1346 North Delaware Street
Indianapolis, IN 46202
ggotwald@psrb.com
ckozak@psrb.com

*Attorneys for Plaintiff, the Senior Health Insurance Company of Pennsylvania, in rehabilitation under the supervision of Michael Humphreys, Acting Insurance Commissioner for the Commonwealth of Pennsylvania*

/s/ Joseph A. Bailey III
Joseph A. Bailey III (*pro hac vice*)
Justin S. Levy (*pro hac vice*)
WERNER AHARI MANGEL LLP
2112 Pennsylvania Ave. NW
Suite 200
Washington, DC, 20037
jbailey@wam.law
jlevy@wam.law

/s/ Jeffrey B. Fecht
Jeffrey B. Fecht
RILEY BENNETT EGLOFF LLP
500 N. Meridian Street, Suite 550
Indianapolis, IN 46204
jfecht@rbelaw.com

*Counsel for XL Specialty Ins. Co.*

/s/ Scott A. Schechter
Scott A. Schechter (*pro hac vice*)
KAUFMAN BORGEEST & RYAN LLP
200 Summit Lake Drive
Valhalla, NY 10595
sschechter@kbrlaw.com

Jeffrey B. Fecht
(See above for address)
*Counsel for U.S. Specialty Ins. Co.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2025, the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by the court's electronic filing system:

Jeffrey B. Fecht
RILEY BENNETT EGLOFF LLP
500 N. Meridian Street, Suite 550
Indianapolis, IN 46204
jfecht@rbelaw.com

Joseph A. Bailey III (*pro hac vice*)
Justin S. Levy (*pro hac vice*)
WERNER AHARI MANGEL LLP
800 Connecticut Ave. NW, Suite 300
Washington, DC, 20006
(202) 599-1069
jbailey@wam.law
(202) 599-1131
jlevy@wam.law

*Counsel for XL Specialty Insurance Company*

Jeffrey B. Fecht
(See above for address)

Scott A. Schechter (*pro hac vice*)
KAUFMAN BORGEEST & RYAN LLP
200 Summit Lake Drive
Valhalla, NY 10595
sschechter@kbrlaw.com

*Counsel for U.S. Specialty Insurance Company*

/s/ Michael A. Kozik