**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| SENIOR HEALTH INSURANCE COMPANY OF PENNSYLVANIA, in rehabilitation under the supervision of MICHAEL HUMPHREYS, Acting Insurance Commissioner of the Commonwealth of Pennsylvania,<br><br>Plaintiff,<br><br>v.<br><br>XL SPECIALTY INSURANCE COMPANY; U.S. SPECIALTY INSURANCE COMPANY,<br><br>Defendants. | **Case No. 1:22-cv-01866-RLY-MG** |

# JOINT STATUS REPORT

Plaintiff Senior Health Insurance Company of Pennsylvania, in rehabilitation under the supervision of Michael Humphreys, Acting Insurance Commissioner of the Commonwealth of Pennsylvania ("SHIP"), Defendant XL Specialty Insurance Company ("XL Specialty"), and Defendant U.S. Specialty Insurance Company ("U.S. Specialty") (collectively, the "Parties" and each a "Party"), by and through their respective undersigned counsel, submit this Joint Status Report, which was ordered by the Court on February 5, 2025. (ECF No. 99).

1. On September 26, 2022 SHIP filed its First Amended Complaint (ECF No. 22), asserting two counts: (1) for declaratory judgment that the "2019 XL Policy" and the "2019 US Excess Policy" (both as defined in the First Amended Complaint) (collectively, the "2019 Policies") provide coverage for the underlying "Humphreys Litigation" (also defined in the

Amended Complaint); and (2) for breach of contract regarding XL Specialty's denial of coverage under the 2019 XL Policy for the Humphreys Litigation.

2. On June 13, 2024, SHIP filed its Motion for Partial Summary Judgment (ECF No. 80), requesting that the Court enter partial judgment in its favor on both counts in the First Amended Complaint. SHIP moved for summary judgment regarding its alleged damages, which consist of alleged defense costs and expenses paid by SHIP on behalf of Brian Wegner in the Humphreys Litigation and the improper erosion of the limits of the 2015 Excess Policy (as defined in the Amended Complaint) due to payment of defense costs for other defendants in the Humphreys Litigation. SHIP did not seek any relief regarding the extent to which the 2019 Policies provide indemnification for any future settlement of or future judgment entered in the Humphreys Litigation.

3. On July 22, 2024, XL Specialty and U.S. Specialty filed their Cross Motion for Summary Judgment (ECF No. 86) (collectively with SHIP's Motion for Partial Summary Judgment, the "Motions for Summary Judgment"), requesting that the Court enter judgment in Defendants' favor on both counts of the First Amended Complaint.

4. The Parties completed briefing on the Motions for Summary Judgment on August 30, 2024. (*See* ECF No. 93.)

5. On January 23, 2025, the parties in the Humphreys Litigation participated in a mediation and reached a settlement in principle that, if formally executed, is expected to resolve the coverage dispute pending in the present action between Plaintiff and Defendants and allow the Parties to file a stipulation of dismissal of this action with prejudice. The Parties accordingly agreed that it was in the best interests of the Parties and judicial economy in both the Humphreys Litigation and the present action for any ruling on the Motions for Summary Judgment to be held

in abeyance, and this case continued pending finalization of the Humphreys Litigation formal settlement agreement.

6. The Parties further anticipated dismissing this Coverage Litigation with prejudice upon full execution of the formal settlement agreement by the parties in the Humphreys Litigation and related claims releases.

7. On February 3, 2025, the Parties filed a Joint Motion for Continuance of Summary Judgment Ruling Pending Settlement (ECF No. 98), which the Court granted by Order dated February 5, 2025 (ECF No. 99.)

8. In its February 5, 2025 Order (ECF No. 99), the Court granted the Parties "ninety (90) days . . . to file a stipulation of dismissal with prejudice or alternatively a joint report regarding the status of the settlement agreement in the Humphreys Litigation."

9. On March 27, 2025, the Court entered an Order denying the Parties' cross motions for summary judgment without prejudice pending the finalization of a formal settlement agreement and "subject to the motions being refiled in their present forms (without revision and without re-briefing) if circumstances require it." (ECF No. 100.)

10. The Parties submitted a Joint Status Report on May 6, 2025, seeking a 90-day extension to the deadline to submit a stipulation of dismissal with prejudice or a supplemental joint status report. (ECF No. 101.)

11. The Court granted the Parties' request in part, extending the Parties' deadline to submit a stipulation of dismissal with prejudice or a supplemental joint status report by 60 days and scheduling a telephonic status conference for June 12, 2025. (ECF No. 102.)

12. The Court subsequently vacated and rescheduled the telephonic status conference, originally scheduled for June 12, 2025, first to June 24, 2025, (ECF No. 103) and ultimately to July 7, 2025. (ECF No. 104.)

13. Following the telephonic status conference on July 7, 2025, the Court extended the Parties' deadline for filing a dismissal to August 15, 2025, and set a telephonic status conference for August 8, 2025. (ECF No. 106.)

14. During the telephonic status conference on August 8, 2025, the Parties—namely SHIP and U.S. Specialty—indicated that settlement negotiations in the underlying litigation were drawing to a close, with nearly all substantive settlement terms having been resolved.

15. As of the date of this Supplemental Joint Status Report, the parties in the underlying litigation have indicated that they are negotiating one remaining term—which does not have any coverage implications—to be included in the settlement agreement, which is expected to resolve today or sometime in the coming weeks.

16. The Parties hereby request an additional 30 days by which to submit a stipulation of dismissal with prejudice or a supplemental joint status report, as counsel for the parties to the underlying litigation have represented that the sole issue remaining will likely be resolved, and the settlement agreement signed, within the next several weeks.

17. There are no further issues that the Parties need to address with the Court at this time.

Dated: August 15, 2025

/s/ Michael A. Kozik
Joseph L. Pellis II (*pro hac vice*)
Michael A. Kozik (*pro hac vice*)
PELLIS LAW GROUP, LLP
901 Warrenville Road, Suite 205
Lisle, IL 60532
jpellis@pellislaw.com
mkozik@pellislaw.com

Gregory M. Gotwald
Christopher Edward Kozak
PLEWS SHADLEY RACHER & BRAUN LLP
1346 North Delaware Street
Indianapolis, IN 46202
ggotwald@psrb.com
ckozak@psrb.com

*Attorneys for Plaintiff, the Senior Health Insurance Company of Pennsylvania, in rehabilitation under the supervision of Michael Humphreys, Acting Insurance Commissioner for the Commonwealth of Pennsylvania*

Respectfully submitted,

/s/ Joseph A. Bailey III
Joseph A. Bailey III (*pro hac vice*)
Justin S. Levy (*pro hac vice*)
WERNER AHARI MANGEL LLP
2112 Pennsylvania Ave. NW
Suite 200
Washington, DC, 20037
jbailey@wam.law
jlevy@wam.law

Jeffrey B. Fecht
RILEY BENNETT EGLOFF LLP
500 N. Meridian Street, Suite 550
Indianapolis, IN 46204
jfecht@rbelaw.com

*Counsel for XL Specialty Ins. Co.*

/s/ Joshua DiLena
Scott A. Schechter (*pro hac vice*)
Joshua DiLena (*pro hac vice*)
KAUFMAN BORGEEST & RYAN LLP
200 Summit Lake Drive
Valhalla, NY 10595
sschechter@kbrlaw.com

Jeffrey B. Fecht
(See above for address)
*Counsel for U.S. Specialty Ins. Co.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2025, the foregoing document was filed electronically.

Notice of this filing will be sent to the following parties by the court's electronic filing system:

Jeffrey B. Fecht
RILEY BENNETT EGLOFF LLP
500 N. Meridian Street, Suite 550
Indianapolis, IN 46204
jfecht@rbelaw.com

Joseph A. Bailey III (*pro hac vice*)
Justin S. Levy (*pro hac vice*)
WERNER AHARI MANGEL LLP
800 Connecticut Ave. NW, Suite 300
Washington, DC, 20006
(202) 599-1069
jbailey@wam.law
(202) 599-1131
jlevy@wam.law

*Counsel for XL Specialty Insurance Company*

Jeffrey B. Fecht
(See above for address)

Scott A. Schechter (*pro hac vice*)
Joshua DiLena (*pro hac vice*)
KAUFMAN BORGEEST & RYAN LLP
200 Summit Lake Drive
Valhalla, NY 10595
sschechter@kbrlaw.com

*Counsel for U.S. Specialty Insurance Company*

/s/ Michael A. Kozik